IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER BRINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04-CV-402-WKW |
| ) | [WO] |
| ) | |
| SUE ROBERT, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Alexander Brinson ["Brinson"] on April 23, 2004. In this petition, Brinson alleges that the District Court of Elmore County, Alabama violated his constitutional rights and state law by denying him a preliminary hearing on a robbery charge prior to issuance of an indictment for this offense. Brinson requests that this court order the state court "to hold an preliminary hearing in my case." *Petition for Habeas Corpus Relief* at 5.

**FACTS[1]**

In February of 2004, Brinson and Alonzo Williams committed a robbery at the CVS Pharmacy in Millbrook, Alabama. Law enforcement officials arrested Brinson for this offense and placed him in the Elmore County Jail. On March 11, 2004, Brinson filed a

---

[1]1. The facts are undisputed and have been gleaned from the evidentiary materials submitted by the parties.

motion for preliminary hearing. The District Court of Elmore County scheduled a preliminary hearing for April 6, 2004. On April 5, 2004, the State presented Brinson's case to an Elmore County grand jury.

On April 6, 2004, Brinson, represented by counsel, appeared before the district court for the preliminary hearing. At this time, the judge assigned Brinson's robbery case refused to conduct a preliminary hearing because the case had been submitted to the grand jury for a determination of probable cause. *DeFries v. State*, 597 So.2d 742, 744 (Ala.Cr.App. 1992) ("[T]he purpose of both a preliminary hearing and an indictment is to determine probable cause. *See Duncan v. State*, 369 So.2d 885, 887 (Ala.Cr.App.1979). 'A repetitious inquiry [into] probable cause . . . is not necessary.' *Elmore v. State,* 445 So.2d 943, 945 (Ala.Cr.App.1983)").

On April 9, 2004, the grand jury returned an indictment against Brinson for second degree robbery. Upon motion of the State, the trial court amended the indictment on June 28, 2004 to charge third degree robbery and Brinson entered a guilty plea to this charge. The trial court imposed sentence upon Brinson for this conviction on August 17, 2004.

## DISCUSSION

The failure of a state court to conduct a preliminary hearing on a criminal charge does not implicate the Constitution. *Jackson v. Smith*, 435 F.2d 1284, 1285 (11th Cir. 1970) (Although an incarcerated defendant has a right under state law to a preliminary hearing, he has no constitutional right to such a hearing.). Moreover, to the extent Brinson bases this claim on an alleged violation of state law, he is likewise entitled to no relief because a state

court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). Consequently, Brinson is due no relief from this court with respect to his claim that the District Court of Elmore County erred in denying him a preliminary hearing.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2241 petition for habeas relief filed by Alexander Brinson be denied.

2. This case be dismissed with prejudice.

It is further

**ORDERED that on or before April 12, 2006 the parties may file objections to the Recommendation**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

---

[2] 2. The court notes, however, that Brinson's request for relief is clearly foreclosed by Alabama law as the "'remedy in a preliminary hearing would have been dismissal of the charge if there is a lack of probable cause. The returning of an indictment is a finding that probable cause does exist. There is still no constitutional requirement in Alabama that there be two inquiries into probable cause. Constitutionally, a preliminary hearing is not necessary to satisfy the requirements of due process, and the fact that there was no preliminary hearing . . . has no bearing on the validity of an indictment or subsequent proceedings.

While the appellant's statutory right to a preliminary hearing may have been infringed in the instant case, . . . no reversible error results when an indictment has been returned against the accused. It would be folly on the part of this court to reverse a case in order to require a repetitious inquiry into probable cause where such had already been determined by the grand jury. For this reason, we hold that any error committed by the trial court in not granting the [petitioner] a preliminary hearing was harmless.'" *Spratt v. State*, 833 So.2d 662, 665 (Ala.Cr.App. 2001), quoting *Duncan v. State,* 369 So.2d 885, 887 (Ala.Cr.App. 1979) (citations omitted).

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of March, 2006.

/s/ Delores R. Boyd
UNITED STATES MAGISTRATE JUDGE